[No. 5298.    Decided December 10, 1904.]

John B. Reed, *Appellant*, v. A. L. Brown *et al.*, *Respondents.*[1]

*In the Matter ·of the Guardianship of* Wm. St. M. Barnes, Jr.

Infants—Appointment of Guardian—Temporary Guardian to Collect Estate—When Necessary. Where, upon conflicting applications for the appointment of a general guardian of a minor, aged eight years, who is an orphan, having an estate of $7,000 consisting of the amount due on policies of life insurance, the court appoints a suitable and responsible person, resident in this state, to act as the general guardian, it is error to appoint, without any application therefor, a temporary guardian for the purpose of collecting the amount due upon the insurance policies, no necessity appearing for such appointment, as the necessary result would be a waste of the estate in the payment of fees.

Appeal from part of an order of the superior court for King county, Bell, J., entered February 23, 1904, after a hearing upon the merits of conflicting applications for the appointment of a guardian of a minor. Reversed.

*Mitchell Gilliam*, for appellant.

Mount, J.—This appeal is from an order of the superior court of King county appointing a temporary guardian for a minor. In November, 1903, appellant filed a petition, alleging the necessary facts, and praying that he be appointed guardian of the person and estate of Wm. St. M. Barnes, Jr., a minor. In December, 1903, James V. Pelletier filed a similar petition praying for his appointment as guardian of said minor; and in January, 1904, J. B. Bridges also filed a petition praying for his appointment as such guardian. No other peti-

1Reported in 78 Pac. 783.

tions were filed. After the statutory notice had been given, all three of these petitions came on for hearing at the same time, and the lower court, after hearing the evidence, made findings as follows:

"That Wm. St. M. Barnes, Jr., is a minor of the age of about eight years; that his mother died when he was about eight months of age; that his father died at Seattle in King county, Washington, on the 22d day of November, 1903, and that for a long time prior to his death the father of said minor was a resident of King county, state of Washington, and said minor lived with his said father up to the time of the death of said father at said place; that the petitioner John B. Reed is a resident of Pierce county in the state of Washington, is forty-four years of age, and is a married man, has a large home and fine grounds in the city of Tacoma where he resides, which home and grounds are in close proximity to a fine school and is in the residence district of said city, and said petitioner Reed and wife have no children; and that, during about three years, the said minor has lived with the said petitioner Reed and wife and there is a strong and mutual affection existing between said minor and said Reed and wife; that said petitioner Reed is a successful business man and has accumulated property in the state of Washington of the value of about $40,-000, which is all free and clear of indebtedness, and said Reed and wife are people of high moral standing in the community in which they reside, and the said petitioner Reed is the county treasurer of Pierce county in said state; that said petitioner Reed voluntarily offered in court to take care of the said child, feed, clothe, and educate him, free of any and all expense to the estate of said minor, and that said minor desires to be given into the custody of said petitioner Reed and wife; that many times prior to the death of the father of said minor he, the father of said minor, expressed the wish to his most intimate friends that in case of his death he desired the said petitioner John B. Reed to have the care and custody of the said minor, and on several

occasions stated to his said friends that arrangements had been made whereby said Reed was to have the guardianship of said minor in case of the death of said father; that the peitioner J. B. Bridges is a resident of the city of Portland, Oregon, and is of the age of sixty years, and that the wife of said petitioner Bridges resides with him and is of the age of about sixty-four years, and that they are the parents of five children, the youngest of whom is about nineteen years of age; that said Bridges is the father of the deceased mother of said minor; that ever since the said minor was of the age of about one year great bitterness and animosity existed between the said petitioner Bridges and the father of said minor; that when said minor was of the age of about ten months his father took him away from the house and home of the petitioner Bridges by force and placed him in the care and custody of other residents of Portland, Oregon, where said minor remained at different periods, in all about two years; that at all of the said times the persons having the custody of said minor made no objection to the said petitioner Bridges or any member of his family visiting said minor; that the daughters of said Bridges visited said minor about one week after said minor was first removed from said Bridges, and again about one week after that, and that thereafter and until the death of the father of said minor neither the petitioner Bridges nor any member of his family made any effort whatever to visit said minor or to send said minor any tokens of affection or their esteem, although for about two years no objections were made on the part of the persons having said minor in custody to the said petitioner Bridges or any member of his family visiting said minor as often as they might see fit; that said Bridges and his family are total strangers to said minor, and said minor has no natural affection for them; that said petitioner James V. Pelletier is a single man of the age of about ——— years, and has no home whatever to take said child, and stated upon the witness stand that he had no place to keep said minor; that said petitioner Pelletier is the resident manager of the ———

insurance company for Western Washington, which insurance company has written an accident policy upon the life of the father of said minor in the sum of $5,000; that there are insurance policies upon the life of the father of said minor and payable to said minor aggregating the sum of $7,000. From the foregoing findings, the court concludes that said petitioner John B. Reed is a fit and proper person to be appointed guardian of the person and estate of the said minor; and that the petitions of James V. Pelletier and J. B. Bridges should each be denied."

Thereupon the following order was entered:

"Wherefore, in consideration of the premises, it is ordered and adjudged that the petitioner John B. Reed be, and he is hereby, appointed permanent guardian of said minor Wm. St. M. Barnes, Jr., said appointment to take effect and become operative only upon the final discharge by this court of the temporary guardian hereinafter appointed and named, and that he henceforward have the custody of said minor, and that the prayer of the petitions of the said petitioners J. B. Bridges and James V. Pelletier be, and the same are each hereby, denied. And it is further ordered that A. L. Brown be and he is hereby appointed temporary guardian of the estate of the said minor, for the purpose solely of collecting said insurance policies and reducing the other assets belonging to the said minor into cash, upon his executing and filing, in the form and manner prescribed by law, of a bond in the sum of $15,000, and to hold such amounts so collected until ordered by this court to deliver the same into the hands of the said John B. Reed; and that the said John B. Reed be not required to enter into any bond as guardian of said minor until such time as such funds shall have been collected and are ready for delivery to him as permanent guardian of said minor."

Mr. Reed appeals from that part of the order appointing A. L. Brown as temporary guardian, and that part

which provides that Mr. Reed's appointment shall take effect and be operative only upon the final discharge of the temporary guardian. The respondent Brown has made no appearance here, and no respondent's briefs have been filed upon this appeal.

There is certainly no justification in the record before us, either in fact or law, for that part of the order appealed from. There was no petition filed for the appointing of Mr. Brown, or any other person, as a temporary guardian, and there is no finding to the effect that such temporary guardian is necessary. In fact, it clearly appears that the appellant is a proper and suitable person to be appointed guardian of the said minor and his estate, and that there is *no necessity* for the appointment of a temporary guardian. The permanent guardian is the proper person, and the only one necessary, to collect the estate of the minor. The necessary result of such temporary appointment would be a waste of the estate of the minor in the payment of fees.

That part of the order appealed from is therefore reversed, and the cause remanded with instructions to the lower court to enter an order appointing appellant guardian, and disallowing any fees to other applicants; the costs of this appeal to be taxed against respondent A. L. Brown.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.